Edward J. Maney, Trustee
P.O. Box 10434
Phoenix, Arizona 85064
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 PROCEEDINGS |
| | ) | |
| LOUIS W. BUZZATTO, JR., | ) | CASE NO. B-07-06184-PHX-SSC |
| | ) | |
| | ) | TRUSTEE'S EVALUATION AND |
| | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| | ) | |
| | ) | RE:  CHAPTER 13 PLAN |
| (Debtor(s) | ) | |

Edward J. Maney, Trustee, has analyzed the Debtor's Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Trustee requires that any proposed Order Confirming Plan state:  "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month.  Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.  Any funding shortfall must be cured before the Case can be discharged.  This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

f. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

g. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

**Specific Recommendations:**

1. The Proof of Claim filed by Arrowhead Ranch Phase V HOA differs substantially by classification and/or amount from this creditor's treatment under the Plan. To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim.

2. The Plan proposes payment of priority claims to the IRS and the Arizona Department of Revenue who have not filed proofs of claim. The Trustee requires that the Order Confirming Plan provides language as follows: "The Trustee has authority to pay on the debts owed to the IRS and the Arizona Department of Revenue even though these creditors have filed no proofs of claim, but the Plan and this Order are not to be considered an informal proof of claim for any creditor."

3. Plan payments are currently delinquent $962 with a payment of $886 coming due November 17, 2009.

4. Debtor has received significant tax refunds for 2008, which, if allowed to continue, would constitute a diversion of disposable income. The Trustee requires Debtor adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive paystubs to verify this has been corrected or turn over any net tax refunds for the duration of the Plan.

5. The Trustee requires the debtors prove plan payment feasibility as their budget Schedules I and J reveal disposable income of only $187 per month; however plan payments are currently scheduled to be $886 per month.

6. The Trustee notes Debtor's payroll deduction for a retirement or 401k plan loan repayment of $1,030 per month. The Trustee requires documentation regarding the terms of the loan, current loan balance and completion date. If installment payments cease prior to the end of the Chapter 13 Plan, the Trustee requires Plan payments to increase accordingly.

Trustee's Recommendation
Case No.#07-06184-PHX-SSC
Page #3

7. Based on prior performance, the Trustee conditionally objects to the fees requested by counsel for the debtors(s). The Trustee will withdraw the conditional objection upon confirmation of the debtor(s) plan with the following exceptions. If the debtor(s) attorney fails to file all the required statements and schedules within the time set by the Code and any extensions granted by the Court, the Trustee will request the Court approve a $750 reduction in attorney fees requested by counsel. The Trustee will request a further $750 reduction in attorney fees if counsel for the debtor(s) fail to timely respond the Trustee Recommendation or submit a stipulated order confirming case within the time set by the Trustee. The Trustee will have the conditional objection set for hearing if counsel for the debtor(s) fails to agree to the fee reductions. The conditional objection will not delay confirmation of debtor(s) case. The Trustee will hold funds for counsel until the Court rules on the Trustee's objection. All other monies will be disbursed in due course.

In summary, Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee approximately $12,307 or 13% of related debts, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled zero equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item #3, #5, #6 and submit Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Dated: [see electronic signature]

　　　　　　　　　　　　　　　　　　　　　　　Edward J. Maney, Trustee

Copies of the forgoing
Mailed on [see electronic signature],
to the following:

Louis Buzzatto
7376 W. Tonopah
Glendale, AZ 85308
Debtor

Joseph W. Charles, Esq.
P.O. Box 1737
Glendale, Arizona 85311
Debtor's counsel


By:_____
　　Trustee's Clerk